IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY JACKSON, #285657 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) 2:14-CV-9-TMH<br>DAVID PULLOM, ET AL. )<br>)<br>Defendants. )<br>)<br>) | |

## SPECIAL REPORT

COME NOW the Defendants, David Pullom and Corey Bennett, by and through undersigned counsel, and in accordance with this Honorable Court's February 6, 2014 and March 21, 2014 Orders (Docs. 5 and 9), offer the following written report.

## PARTIES

1. The Plaintiff, Stanley Jackson, is an inmate of the Alabama Prison System and currently housed at Ventress Correctional Facility in Clayton, Alabama.

2. Defendant David Pullom is a Correctional Officer at Ventress Correctional Facility, Clayton, Alabama.

3. Defendant Corey Bennett is a Correctional Sergeant at Ventress Correctional Facility, Clayton, Alabama.

## EXHIBIT

EXHIBIT 1 – Affidavit of David Pullom.

EXHIBIT 2 – Affidavit of Corey Bennett.

EXHIBIT 3 – Affidavit of Reba T. Currie with attached documents.

## PLAINTIFF'S CLAIMS

Plaintiff claims that Officer Pullom used excessive force against Plaintiff by grabbing Plaintiff's head and kneeing Plaintiff in the face as well as excessively spraying Plaintiff with a chemical agent spray. Plaintiff claims that Sergeant Bennett at some point later intimidated a witness to the event to prevent him from testifying against Officer Pullom. Plaintiff is seeking $10,000,000.00 (ten million dollars) "on a punitive basis."

## DEFENDANTS' RESPONSE

1. The Defendants deny that they violated the Plaintiff's constitutional rights.

2. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

3. The Plaintiff has failed to state a claim upon which relief may be granted.

4. The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

5. The Defendants are immune from suit due to qualified immunity.

## STATEMENT OF FACTS

On December 21, 2013, Officer David Pullom was assigned to Dormitory F1 (Restrictive Privilege Dormitory) as a rover. At approximately 6:08 a.m., Officer Pullom entered Dormitory F1 and saw Plaintiff lying in his assigned bed sleeping while the other inmates were attending chow. Officer Pullom ordered Plaintiff to get up, put his clothes on and report to chow. Plaintiff replied, "Officer Jones told me to stay in the dormitory because I didn't have any clothes to put on because I washed my clothes last night and they are still wet." Officer Pullom observed dry clothes that could be worn by Plaintiff in

Plaintiff's box. Officer Pullom ordered Plaintiff again to get up, put on his clothes and report to chow. Plaintiff replied, "I am not going to put on those wet clothes." (Exhibits 1 and 3)

Officer Pullom informed Sergeant Corey Bennett to report to Dormitory F1. Corey Bennett was assigned as one of the Day B Shift Commanders.

Sergeant Bennett received a call on the radio from Officer David Pullom that Plaintiff would be written up for failure to obey a direct order. Officer Pullom ordered Plaintiff to turn around to be placed in handcuffs. While Officer Pullom was attempting to place handcuffs on Plaintiff, Plaintiff became angry and turned around in an aggressive manner. Officer Pullom ordered Plaintiff to step back and turn around again to be placed in handcuffs. Plaintiff did not comply and said, "I am not going to do nothing." Officer Pullom ordered Plaintiff to step back again for the second time. Plaintiff did not comply. (Exhibits 1 and 3)

Officer Pullom pulled out his Chemical Agent (Sabre Red) and administered a one (1) second burst to Plaintiff's facial and neck area. Officer Pullom then grasped Plaintiff by his right arm and placed Plaintiff on the floor, causing Plaintiff to bite his bottom lip. Officer Johnny Skelton and Sergeants Corey Bennett and William Freeman entered Dormitory Fl and assisted Officer Pullom in restraining Plaintiff. Officer Skelton placed handcuffs on Plaintiff. All use of force was stopped at this time. Officer Skelton escorted Plaintiff to the Health Care Unit to be decontaminated and have a medical assessment. The medical assessment was conducted by Nurse Kimberly Hill, LPN. Plaintiff had a small cut to his bottom lip. Additionally, ADOC investigated Plaintiff's allegation of excessive force and determined "only the amount of force needed to control

3

the incident was use by Officer Pullom to control the incident. After the handcuffs were placed on inmate Jackson, all force ceased." (Exhibits 1, 2 and 3)

Sergeant Bennett verbally reprimanded Plaintiff for his negative behavior. Sergeant Bennett notified the On Call Duty Official, Captain Jimmy Thomas, of the incident. Sergeant Bennett took photographs of Plaintiff. Plaintiff was allowed to remain in the Restrictive Privilege Dormitory pending disciplinary action for Failure to Obey a Direct Order of an ADOC Employee. (Exhibit 3)

Sergeant Bennett followed every protocol that pertained to the incident. He did not intimidate nor did he speak to any of Plaintiff's alleged witnesses. Sergeant Bennett did not have any knowledge about any of Plaintiff's alleged witnesses. Neither Defendant violated any of Plaintiff's Constitutional rights (Exhibits 1 and 2).

## ARGUMENT

Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his *prima facie* entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242

(1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989).  Unless the Plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of facts become immaterial and the moving party is entitled to judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990).  As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case.  "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted].  Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof.  This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

**I.**     *Excessive Force claim*

Plaintiff contends that Officer Pullom used excessive force on him on December 21, 2013.  Claims of excessive force against inmates are governed by the Eighth Amendment's proscription of cruel and unusual punishment.  *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999).  To establish an Eighth Amendment claim of excessive force, the Plaintiff must prove that "'force was applied … maliciously and sadistically for the very purpose of causing harm.'"  *Id., quoting Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *see also Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005) *quoting Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987) ("whether or not a prison guard's application of force is actionable turns on whether that force was applied in a good faith

effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm"). "Relevant to ascertaining whether force was used 'maliciously and sadistically' for the purpose of causing harm are, at least, five factors: (1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the prisoner's injuries, (4) the threat reasonably perceived by the officials on the basis of the facts known to them, and (5) efforts made to temper the severity of the force." *Tate v. Rockford, 2012 WL 5846290, at *2* (11th Cir. Nov. 19, 2012) *citing Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007).

### A.  Objective Component

"Under the objective component, [the Eleventh Circuit] consider[s] whether the alleged wrongdoing was "objectively harmful enough to establish a constitutional violation." *Tate,* 2012 WL 5846290, at *2 *citing Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  The Eleventh Circuit has determined that an injury can be objectively serious enough to constitute a constitutional violation only if it is more than "de minimis." *See Tate*, 2012 WL 5846290, at *2.  In this case, Plaintiff was taken to the infirmary right after the incident, and the only injury he suffered was a small cut to his bottom lip. (Exhibit 3)  If Plaintiff had been beaten as he alleges, his body chart would have indicated more injuries.

### B.    Subjective Component

"Under the subjective part of [Eleventh Circuit] excessive force claims under the Eighth Amendment, force is deemed legitimate in a custodial setting only so long as it is applied  'in good faith effort to restore discipline and not maliciously and sadistically for

the very purpose of causing harm." *Tate*, 2012 WL 5846290, at *2 *citing Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002).

In this case, any force exerted against Plaintiff was done so because he refused a direct order to dress and go to chow. The Supreme Court has stated, "the infliction of pain in the course of a prison security measure…does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Supreme Court has also stated that correctional officers and administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Because Plaintiff refused a direct order to dress and go to chow, any force used against Plaintiff was to maintain discipline and restore order to the facility and not maliciously and sadistically to cause Plaintiff harm. Furthermore, Officer Pullom denies beating Plaintiff as Plaintiff alleges. (Exhibit1)

To state a claim, an inmate's injuries need not be significant, but must be more than *de minimus*. *Harris v. Garner*, 190 F.3d 1279, 1287 (11th Cir. 1999); modified in part by *Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000). To satisfy the injury requirement, an inmate need not show permanent injury, but must "offer some evidence of injury beyond a minimal one." *Bennett v. Parker,* 898 F.2d 1530, 1533 (11th Cir. 1990).

Injuries similar to what Plaintiff alleges and injuries more severe than this have consistently been found not sufficiently serious to state an Eighth Amendment claim.

*Bennett,* 898 F.2d at 1533 (inmate's allegation of being struck in the head with a night stick did not state sufficient injury); *Brown v. Smith*, 813 F.2d 1187 (11th Cir. 1987) (inmate's allegation he was pinned against a wall by the neck with a riot baton did not state sufficient injury); *Williams v. Cash*, 836 F.2d 1318 (11th Cir. 1986) (inmate's allegation of broken elbow insufficient); *Perry v. Thompson,* 786 F.2d 1093 (11th Cir. 1986) (inmate's allegations of bleeding after being struck in head, face, arms, legs, and side insufficient); *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (sore ear lasting three days insufficient); *Lassan v. City of Orange Beach*, 2000 W.L. 1844683 (S.D. Ala. 2000) (broken bone and digestive problems insufficient). Because Plaintiff's injury is minimal, he has not stated an Eighth Amendment claim, and the Defendants are entitled to summary judgment.

In *Bennett v. Parker,* 898 F.2d 1530 at 1532, the Eleventh Circuit held, "The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial.'" In *Bennett, supra* at 1533, the Court recalled that in *Brown v. Smith*, 813 F.2d 1187 (11th Cir. 1987), it disregarded plaintiff's affidavit which contained only a conclusory allegation of serious injury because there was no other supporting evidence.

In *Bennett v. Parker,* 898 F.2d 1530 at 1534 (11th Cir. 1990), the Court held:

> As in *Brown*, Bennett's claim of serious injury is only a conclusory allegation, unsupported by any physical evidence, medical records, or corroborative testimony, and we therefore discount it. If Jackson and Cooper struck Bennett, the injury was minimal.

> When faced with a motion for summary judgment based on a defense of qualified immunity, the district courts should first focus on whether the plaintiff has established a constitutional violation before determining whether material issues of fact are present. No material issues can be in dispute where the plaintiff's evidence fails to establish a constitutional violation.

Unless Plaintiff can offer medical records, physical evidence, or corroborative testimony to support his allegations, this Court should discount Plaintiff's claims. Plaintiff can show no evidence of significant physical injury, which is an essential element of his claim, and all other facts become immaterial as Plaintiff fails to establish a *prima facie* claim due to lack of injury. *See Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002) for the proposition that even an officer acting with specific malevolent intent to cause harm must inflict more than *de minimus* injury to violate the Cruel and Unusual Punishment Clause of the Eight Amendment; *See McReynolds v. Alabama Department of Youth Services* 2008 WL 1927373 at 3 (USDC M.D. Ala.) wherein the Honorable Mark Fuller indicated he would have followed *Bennett v. Parker*, *supra*, but for a factual distinction. Plaintiff's Eighth Amendment excessive force claim is due to be dismissed.

## II. Plaintiff has failed to establish that Sergeant Bennett intimidated any witness

Plaintiff vaguely alleges, with no support whatsoever, that Sergeant Bennett intimidated and prevented a witness from testifying on his behalf.[1] Plaintiff does not adequately identify who the "witness" is apart from stating it was "my witness Officer Jackson" and "Witness Jackson". To the undersigned's best knowledge, there was no "Officer Jackson" on the scene that could have witnessed the event. To the extent he

---

[1] While confusing, it appears that Plaintiff may be referring to himself as the witness.

9

may be referring to himself, Plaintiff was allowed to give his statement during the internal investigation into the use of force that determined the amount of force used was reasonable and necessary. (Exhibit 3)  There is simply nothing to indicate that any potential witness was intimidated by anyone.  Plaintiff has offered nothing other than this bare allegation.  As such, he has failed to state a cognizable claim against Sergeant Bennett.

### *III. Plaintiff's Complaint against the Defendants is due to be dismissed because the Defendants are immune from liability*

The Plaintiff's claims against the Defendants should be dismissed because the Defendants are immune from liability.  As the United States Supreme Court has stated:

> There can be no doubt … that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. Edelman v. Jordan, 415 U.S. 651 (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945); Worcester County Trust Co. v. Riley, 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'

*Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

The Defendants are State employees, and a suit against them for actions taken while they were employed by the State is a suit against the State.  In addition, there has been no consent or waiver of immunity in this case.  Thus, the Defendants are absolutely immune from liability.

The Defendants are also protected by qualified immunity.  As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly

10

established statutory or constitutional rights of which a reasonable person would have known.'"  *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F.Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).  The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979).  The Defendants have not violated Plaintiff's clearly established rights, thus, they are entitled to qualified immunity.

## CONCLUSION

Based on the foregoing, the Defendants respectfully request that this Honorable Court enter summary judgment in their favor.

Respectfully submitted,

LUTHER STRANGE
Attorney General


*/s/ Benjamin H. Albritton*
Benjamin H. Albritton (ALB008)
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130
(334) 242-7300

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 3rd day of April, 2014, electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that I have mailed a copy of the foregoing to the following non-CM/ECF participants:

Stanley Jackson
AIS 285657
Ventress Correctional Facility
PO Box 767
Clayton, AL 36016-0767

*/s/ Benjamin H. Albritton*
Benjamin H. Albritton
Assistant Attorney General