IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STANLEY TERRELL JACKSON, #285 657, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:14-CV-9-TMH [WO] |
| DAVID PULLOM, CO, *et al.*, | ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a prisoner proceeding *pro se*, filed this complaint on January 2, 2014. Plaintiff alleges Correctional Officer Pullom subjected him to excessive force when the guard assaulted him and sprayed him with mace and asserts Sergeant Bennett later intimidated a witness to prevent him from testifying against Officer Pullom regarding the incident with Plaintiff. *Doc. No. 1*.

Pursuant to the orders of this court, Defendants filed a written report supported by relevant evidentiary materials in which they address the claims for relief presented by Plaintiff. The report and evidentiary materials refute the allegations presented by Plaintiff. Specifically, Defendant Pullom maintains he only used an amount of force necessary to control the incident in question where Plaintiff acted in an aggressive manner and refused orders to be handcuffed. *Doc. No. 11*.

The court then issued an order directing Plaintiff to file a response to Defendants' answer and written report. *Doc. No. 12*. The order advised Plaintiff his failure to respond to Defendants' answer and written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. (emphasis in original). Plaintiff was "**specifically cautioned that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this case. *Id*. The time granted Plaintiff for filing a response expired on April 29, 2014. As of the present date, Plaintiff has filed nothing in opposition to Defendants' answer and written report as required by order filed April 8, 2014. In light of the foregoing, the court concludes this case should be dismissed.

The court has reviewed the file to determine whether a drastic measure less than dismissal is appropriate. After such review, the court concludes dismissal is the proper course of action. Plaintiff is an indigent individual. The imposition of monetary or other punitive sanctions against him would be ineffectual. The undisputed evidentiary materials submitted by Defendants indicate the amount of force utilized against Plaintiff was necessary to gain control over him and avert escalation of a volatile situation and did not violate the Constitution. It, therefore, appears that any additional effort by this court to secure Plaintiff's compliance would

be unavailing. Consequently, the court concludes Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above-stated reasons, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice.

It is further

ORDERED that **on or before June 12, 2014**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo*

determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 29th day of May, 2014.

                                            /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE